1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                            AT SEATTLE

8    JOHN H.,

9                          Plaintiff,              Case No. C24-5250-MLP

10          v.                                     ORDER

11   COMMISSIONER OF SOCIAL SECURITY,

12                         Defendant.

13
                            I.    INTRODUCTION
14

15          Plaintiff seeks review of the denial of his application for Supplemental Security Income

16   and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred

17   by violating agency rulings and relying on inadmissible testimony. (Dkt. # 12.) As discussed

18   below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with

19   prejudice.[1]

20

21

22

23

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

## II.    BACKGROUND

Plaintiff was born in 1961, has a high school education, and previously worked as a flagger. AR at 22, 31, 363. Plaintiff has not engaged in substantial gainful activity since his alleged onset date. *Id.* at 20.

In September 2021, Plaintiff applied for benefits, alleging disability as of February 2020. AR at 311-12, 314-35. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 93-208. After conducting a hearing in October 2023, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-27, 34-64.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff has a severe impairment of history of paroxysmal atrial fibrillation, status-post ablations. AR at 20. The ALJ further determined that Plaintiff is capable of performing light work with certain limitations: he can lift/carry and push/pull 20 pounds occasionally and 10 pounds frequently; sit/stand/walk for 6 hours each; climb ramps and stairs occasionally but never ladders, ropes, or scaffolds; work at unprotected heights occasionally; and stoop, kneel, crouch, and crawl frequently. *Id.* at 23. Finally, the ALJ deemed Plaintiff not disabled because he can perform his prior work as a flagger. *Id.* at 26.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

## III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.  DISCUSSION

### A.  The ALJ Did Not Err in Application of Res Judicata

Plaintiff previously applied for benefits in March 2018, which resulted in a final decision of nondisability and established a presumption of continued non-disability after February 2020. AR at 65-91. In this case, the ALJ concluded that Plaintiff failed to demonstrate any changes in circumstances sufficient to rebut this presumption. *Id.* at 17-18.

The doctrine of res judicata applies to administrative decisions, albeit less stringently than in judicial contexts. *See Chavez v. Bowen*, 844 F.2d 693 (9th Cir. 1988). When an ALJ has previously determined a claimant is not disabled, it creates a presumption that the claimant

1    remains non-disabled after the adjudicated period. *See* Acquiescence Ruling ("AR") 97-4(9),

2    1997 WL 742758, at *2 (Dec. 3, 1997). To overcome this presumption, a claimant must show

3    "changed circumstances" indicating greater disability. *Id.* Even if such a showing is made, the

4    ALJ must give res judicata effect to prior findings unless new and material evidence directly

5    impacts those findings. *Id.* at *3.

6         Here, Plaintiff does not argue that he rebutted the presumption of continuing

7    nondisability by demonstrating changed circumstances, effectively waiving this argument. *See*

8    *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Instead,

9    Plaintiff claims that the ALJ failed to reference prior findings, invoking AR 00-1(4), 2000 WL

10   43774 (Jan. 12, 2000). (Dkt. # 12 at 3-5.) However, this ruling applies exclusively to "disability

11   findings in cases involving claimants who reside in Maryland, North Carolina, South Carolina,

12   Virginia or West Virginia." 2000 WL 43774, at *4. The record unequivocally shows that

13   Plaintiff did not reside in any of these states during the relevant period. AR at 368, 428.

14   Therefore, Plaintiff's reliance on AR 00-1(4) is misplaced, and the ALJ did not err.

15        **B.    The ALJ Did Not Err in Application of Past Relevant Work Regulations**

16        Plaintiff contends the ALJ applied outdated rules regarding past relevant work. (Dkt. # 12

17   at 5-6.) A reviewing court must evaluate an ALJ's decision based on the "law[s] in effect at the

18   time of the ALJ's decision." *Charles Edward T. v. Comm'r of Soc. Sec.*, 2019 WL 1338394, at

19   *4 n.1 (E.D. Wash. Mar. 25, 2019); *see also* Social Security Ruling ("SSR") 24-2p. Regulations

20   in place at the time of the ALJ's December 2023 decision provided that work performed within

21   the past 15 years qualified as "past relevant work." 20 C.F.R. §§ 404.1565(a), 416.965(a).

22   Although new regulations limiting this window to five years took effect in June 2024, they are

23   not relevant to this case. *See* Final Rule, *Intermediate Improvement to the Disability*

1    *Adjudication Process*, *Including How We Consider Past Work*, 89 Fed. Reg. 27653. The ALJ

2    applied the correct pre-2024 rules, and Plaintiff's argument fails as a result.

3          **C.    The ALJ Did Not Err in Consideration of Hearing Testimony**

4          Plaintiff asserts that neither he nor the Vocational Expert ("VE") were sworn in under

5    oath at the hearing, rendering their testimony invalid. (Dkt. # 12 at 6.) This claim is unavailing.

6    The hearing transcript clearly reflects that both Plaintiff and the VE were duly sworn before

7    testifying. AR at 38, 56. Furthermore, Plaintiff—who was represented by counsel at the

8    hearing—did not raise any objections regarding the administration of the oath. *Id.* at 34-36. As

9    established in *Shaibi v. Berryhill*, claimants must raise all issues during administrative hearings

10   to preserve them for appeal. 883 F.3d 1102, 1109 (9th Cir. 2017) (claimants must "raise all

11   issues and evidence at their administrative hearings in order to preserve them on appeal").

12   Plaintiff also fails to allege any prejudice resulting from the opined procedural error. *See Molina*,

13   674 F.3d at 1115. Accordingly, the ALJ's reliance on the testimony from Plaintiff and the VE

14   was free of error.

15                    **V.    CONCLUSION**

16         For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this

17   case is DISMISSED with prejudice.

18         Dated this <u>18th</u> day of October, 2024.

19

20

21                                   MICHELLE L. PETERSON
                                     United States Magistrate Judge

22

23